Brooke A. Bohlke
Nevada Bar No. 9374
Susana Santana
Nevada Bar No. 13753
WOOD, SMITH, HENNING & BERMAN LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702 251 4100
Facsimile: 702 251 5405
bbohlke@wshblaw.com
ssantana@wshblaw.com

Attorney for Defendant, Aramark Campus, LLC
(i/s/h/a "Aramark Sports and Entertainment Services, LLC")

**UNITED STATES DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| NATALIE RUISI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, a Foreign Limited Liability Company; ROE Business Organizations I-X; and DOE INDIVIDUALS I-X, Inclusive,<br><br>　　　　Defendants. | Case No.<br><br>Eighth Judicial District Court Of The State Of Nevada In And For The County Of Clark<br><br>State Court Case No.: A-20-814688-C<br>State Court Dept. No.: 31<br><br>**DEFENDANT ARAMARK CAMPUS, LLC'S STATEMENT OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA – FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP** |

**TO:　THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446, Defendant Aramark Campus, LLC ("Defendant") (incorrectly named in the Complaint as "Aramark Sports and Entertainment Services, LLC") hereby removes the above-entitled action from the District Court of the State of Nevada, County of Clark to the United States District Court for the District of Nevada.  This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) over the lawsuit filed by Plaintiff Natalie Ruisi because Plaintiff has filed claims under federal

15357272.1:10745-0108

statute Title VII of the Civil Rights Act ("Title VII"), and because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is appropriate based on the following grounds.

## I.  PLEADINGS, PROCESS, AND ORDERS

1. On May 6, 2020, Plaintiff filed an unverified Complaint in the District Court of the State of Nevada for the County of Clark entitled *Natalie Ruisi v. Aramark Sports and Entertainment Services, LLC; Roe Business Organizations I-X; and DOE Individuals-X, Inclusive*, Case No. A-20-814688-C ("Complaint"). A true and correct copy of the Summons, Complaint, and all documents served with the Complaint are attached hereto as **Exhibit A**. The Complaint alleges causes of action for alleged: (1) gender discrimination in violation of Title VII and Nevada state law; (2) retaliation in violation of Title VII and Nevada state law; (3) harassment in violation of Title VII and Nevada state law; and (4) negligent selection, training, supervision and/or retention of managers and supervisors.

2. Plaintiff's Complaint was served on Defendant on July 21, 2020. A true and correct copy of the Service of Process Transmittal stamped July 21, 2020 is attached hereto as **Exhibit B**.

3. Defendant received an extension from Plaintiff's counsel to file an Answer in the State Court Action until August 20, 2020. Therefore, Defendant filed an Answer in the State Court Action on August 18, 2020. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as **Exhibit C**.

4. **Exhibits A** and **C** constitute all the pleadings, process, and orders served upon or by Defendant or filed in the State Court Action.

## II.  THE REMOVAL IS TIMELY

5. This Statement for Removal is timely, pursuant to 28 U.S.C. §1446(b), because it is filed within thirty days of service of Plaintiff's Summons and Complaint on Defendant.

6. No previous Statement for Removal has been filed with this Court for the relief sought herein.

### III. FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

7. This action is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court under the provisions of 28 U.S.C. §§ 1441(a) and (b). This is a civil action arising under the laws of the United States; specifically, Plaintiff has alleged a claim for the violation of Title VII.

8. Plaintiff's remaining state law causes of action are claims over which this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the Title VII claim over which this Court would have original jurisdiction.

### IV. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

9. This action is a civil action over which the Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441(a) and (b) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action involves citizens of different states.

#### A. Complete Diversity of Citizenship Exists.

10. Diversity jurisdiction exists when there is complete diversity between the parties (i.e., all plaintiffs are diverse from all defendants). 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332 if no defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(a), (b).

11. Here, these requirements are met because Plaintiff is a citizen of Nevada, and Defendant is not a citizen of Nevada.

##### 1. Plaintiff Is a Citizen of Nevada.

12. "A person's state of citizenship is established by domicile . . . ." *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 879 (9th Cir. 2018))). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*,

797 F.2d 747, 750 (9th Cir. 1986)).

13. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. Id.

14. Defendant is informed and believes that Plaintiff is now and, at all times since the commencement of this action, has been a citizen of Nevada. The Complaint alleges that "Plaintiff is a resident of Clark County, Nevada." Ex. A, Compl., ¶ 10. Plaintiff further alleges that "Plaintiff . . . was at all relevant times mentioned herein an employee at the Defendant's place of business in Clark County, Nevada." Id., ¶ 10. Plaintiff does not allege that she is a citizen of any state other than Nevada and there is no indication that Plaintiff is or was a citizen of states other than Nevada at any time relevant to the Complaint. Thus, Plaintiff was domiciled in the State of Nevada, and is therefore a citizen of Nevada for purposes of diversity jurisdiction in this matter.

**2.     Defendant Is A Citizen of Delaware And Pennsylvania.**

15. For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)."

16. Defendant is a Delaware limited liability company with a principal place of business in Philadelphia, Pennsylvania. *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'"). The majority of Defendant's executive functions take place in Philadelphia, Pennsylvania. The greater part of Defendant's administrative functions (including corporate human resources, payroll, benefits, Information Technology, corporate finance, production operations, and business strategy) are in Philadelphia, Pennsylvania. Defendant's officers direct, control, and coordinate the

15357272.1:10745-0108                                               -4-

1  corporation's activities in Philadelphia, Pennsylvania.

2      17.    The sole member of Defendant is Aramark Services, Inc., which is a Delaware
3  corporation with its headquarters and principal place of business in Philadelphia, Pennsylvania.

4      18.    Defendant's ultimate parent is Aramark, which is a corporation formed under the
5  laws of the State of Delaware, and has its headquarters and its principal place of business in
6  Philadelphia, Pennsylvania.

7      19.    Accordingly, Defendant is a citizen of Delaware and Pennsylvania for the purposes
8  of determining diversity. 28 U.S.C. § 1332(c)(1).

9      20.    Defendant is not and, since the commencement of this action, has not been
10 incorporated in Nevada and has not had its headquarters or executive offices based in Nevada.

11     **3.**    **Doe Defendants Are Irrelevant for Purposes of Removal.**

12     21.    Pursuant to 28 U.S.C. § 1441(a), the citizenship of fictitious and unknown "Doe"
13 defendants should be disregarded for the purposes of establishing removal jurisdiction under 28
14 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (finding
15 unnamed defendants are not required to join in a removal petition). Thus, the inclusion of "Doe"
16 defendants in Plaintiff's Complaint has no effect on Defendant's ability to remove.

17     **B.**    **The Amount in Controversy Exceeds $75,000.**

18     22.    Federal district courts have original jurisdiction over civil actions where the amount
19 in controversy of at least one of the plaintiff's claims exceeds the sum or value of $75,000, exclusive
20 of interest and costs. 28 U.S.C. §1332(a). Here, Plaintiff places more than $75,000 in controversy.

21     23.    Where, as here, a plaintiff does not plead the amount of damages that she seeks, the
22 Court must look beyond the Complaint to determine whether the lawsuit meets the jurisdictional
23 requirement. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 & n. 4 (9th Cir. 2007);
24 *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006). In such cases,
25 the defendant seeking removal must prove by a preponderance of the evidence that the amount in
26 controversy requirement has been met. 28 U.S.C. § 1446(c)(2); *Lowdermilk*, 479 F.3d at 998;
27 *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it
28 is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

amount requirement." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn*, 536 F. Supp. 2d at 1204-05.

24. In determining whether the jurisdictional minimum is met, courts consider all alleged recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

25. Here, Plaintiff's Complaint seeks recovery on several fronts, including "money damages in excess of $15,000.00), economic damages, general damages for general economic harm, emotional distress damages, exemplary and punitive damages, pre-judgment and post-judgment interest on any awarded amounts, attorneys' fees, expert witness fees, and other costs of suit. Ex. A, Compl., ¶¶ 75, 76, 77, 78, 79, 93, 94, 101, and Demand for Judgment for Relief. Although Defendant expressly denies Plaintiff's factual allegations and expressly denies any liability to Plaintiff, Plaintiff's allegations and prayer for relief have put into controversy an amount that exceeds the $75,000 threshold.[1]

///

///

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's reference to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

### 1. Lost Earnings and Benefits

26. Plaintiff alleges that "Plaintiff has been seriously harmed, economically," and seeks to recover "economic damages including, but not limited to, lost wages and benefits of employment, incidental and consequential damages;" and "general damages including . . . general economic harm." Ex. A, Compl., ¶¶ 75, 93, and Demand for Judgment for Relief. Lost earnings and benefits are included in the amount-in-controversy calculation. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (finding that past and future lost wages, non-economic damages, punitive damages, attorneys' fees and other requested relief count towards amount in controversy).

27. Plaintiff earns an hourly rate of $19.71/hour plus an untold amount of tips, and her weekly hours fluctuate depending on the events being held at Park Theatre at MGM Park Resort, which is where Plaintiff worked at a bartender. Ex. A, Compl., ¶¶ 19, 21, 25. According to her 2019 W-2, Plaintiff earned $13,234.61 in 2019.

28. Plaintiff's employment with Defendant has not yet been terminated, but Park Theatre has been largely closed since March 2020 due to the COVID-19 pandemic.

### 2. Emotional Distress Damages

29. In addition to lost wages, Plaintiff claims damages for emotional distress in an unspecified amount. Ex. A, Compl. ¶¶ 77, 93, and Demand for Judgment for Relief. More specifically, Plaintiff alleges she has suffered "emotional distress, humiliation, mental anguish . . . and is entitled to be compensated for those inflictions . . . ." *See, e.g., id.* at ¶ 77. Courts have held that such allegations alone are sufficient to satisfy the amount-in-controversy requirement. *See, e.g., Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (finding that where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement"); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that plaintiff's damage claims, including lost wages, medical expenses, emotional distress, and attorneys' fees, was enough to put the amount in controversy above $75,000). Indeed, plaintiffs alleging emotional distress as a result of wrongful termination regularly seek—and courts regularly uphold—damage awards exceeding $75,000 for such damages.

1  *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (upholding jury award in excess of
2  $75,000 for emotional distress damages in a single-plaintiff age-discrimination case); *Silo v. CHW*
3  *Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (upholding jury award in excess of $75,000 for
4  noneconomic damages in a wrongful termination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal.
5  App. 4th 72, 76 (1996) (upholding a jury award in excess of $75,000 for noneconomic damages).

### 3. Attorneys' Fees And Witness Fees

30. Plaintiff also seeks to recover an unspecified amount of attorneys' fees and witness fees. Ex. A, Compl., ¶¶ 79, 94, and Demand for Judgment for Relief.

31. As stated above, courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. Galt G/S, 142 F.3d at 1155-56 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (holding that attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)).

32. Moreover, Plaintiff's attorneys' fees are not limited to the amount incurred as of the time of removal. In Simmons, for example, the court held that "[attorneys' fees] necessarily accrue until the action is resolved" and, thus, the Ninth Circuit [in Galt, supra] must have anticipated that district courts would project fees beyond removal." 209 F. Supp. 2d at 1034-35. As such, the Simmons court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." The court further observed that "attorneys' fees in individual discrimination cases often exceed the damages." *See Pulera v. F&B, Inc.*, 2008 U.S. Dist. LEXIS 7265, *14-15 (E.D. Cal. 2008) ("While the Ninth Circuit has not yet ruled on this issue, the preponderance of courts in this Circuit have agreed with the Brady approach" of "includ[ing] a reasonable estimate of the attorney's fees likely to be incurred" (citing *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)).

33. Therefore, while Plaintiff seeks an unspecified amount of attorneys' fees and witness fees, such fees must be considered in the amount-in-controversy calculation. Conservatively

1  assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after
2  250 hours of work.  Plaintiff's counsel would likely exceed this amount during the pretrial phase of
3  litigation alone, and certainly would exceed this amount through trial.  *See, e.g., Simmons*, 209 F.
4  Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in
5  individual discrimination cases often exceed the damages.").

### 4.  Punitive Damages

7  34.  Plaintiff additionally seeks punitive damages.  Ex. A, Compl., ¶ 78, and Demand for
8  Judgment for Relief. The Court must also consider Plaintiff's request for punitive damages as part
9  of the amount in controversy when determining diversity jurisdiction.  *Davenport v. Mutual Benefit*
10 *Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into
11 account where recoverable under state law); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332,
12 334 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's
13 attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive
14 damages alone might exceed [the jurisdictional amount]").

### 5.  The Amount In Controversy Is Exceeded.

16 35.  While Defendant again denies any and all liability to Plaintiff, based on a
17 conservative and good faith estimate of the value of the alleged damages in this action, the amount
18 in controversy in this case far exceeds $75,000, exclusive of interests and costs, as demonstrated
19 above.  Accordingly, it cannot be denied that the amount in controversy exceeds the jurisdictional
20 threshold set forth in 28 U.S.C. section 1332(a).

21 **V.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

22 36.  Venue lies in the District of Nevada pursuant to 28 U.S.C. sections 1441, 1446(a),
23 and 84(c).  This action was brought originally in the District Court of the State of Nevada, County
24 of Clark, and the alleged harm complained of occurred in the County of Clark.  *See* Ex. A, Compl.
25 Therefore, this is the appropriate court for removal.

26 37.  As required under 28 U.S.C. section 1446(d), Defendant will promptly serve Plaintiff
27 with this Notice of Removal and will promptly file a copy of this Notice of Removal with the District
28 Court of the State of Nevada, County of Clark.

## VI. CONCLUSION

If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief in support of its position that this case is removable.

Based on the foregoing, Defendant respectfully requests that this action be removed from the District Court of the State of Nevada, County of Clark to the United States District Court for the District of Nevada.

DATED this 20th day of August, 2020

WOOD, SMITH, HENNING & BERMAN LLP

By */s/ Brooke A. Bohlke*

BROOKE A. BOHLKE
Nevada Bar No. 9374
SUSANA SANTANA
Nevada Bar No. 13753
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Tel. 702 251 4100

Attorneys for Defendant, Aramark Campus, LLC (i/s/h/a "Aramark Sports and Entertainment Services, LLC")

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August, 2020, a true and correct copy of DEFENDANT ARAMARK CAMPUS, LLC'S STATEMENT OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA – FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

James P. Kemp, Esq.
Victoria L. Neal, Esq.
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130
Tel.: 702-258-1183/Fax: 702-258-6983
jp@kemp-attorneys.com
vneal@kemp-attorneys.com
**Attorneys for Plaintiff**

By     */s/  Raeann M. Todd*

Raeann M. Todd, an Employee of
WOOD, SMITH, HENNING & BERMAN LLP

15357272.1:10745-0108                         -11-