JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff
*Natalie Ruisi*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

| | |
|---|---|
| NATALIE RUISI,<br><br>                    Plaintiff,<br><br>vs.<br><br>ARAMARK          SPORTS         AND ENTERTAINMENT  SERVICES,  LLC,  a Foreign  Limited  Liability  Company;  ROE Business  Organizations  I-X;  and  DOE INDIVIDUALS I-X, Inclusive,<br><br>                    Defendants. | Case No.: 2:20-cv-01544-JCM-VCF<br><br>**MOTION  FOR  LEAVE  TO  AMEND COMPLAINT TO ADD AS DEFENDANTS ARAMARK CAMPUS, LLC, ARAMARK EDUCATIONAL      GROUP,      LLC, ARAMARK EDUCATIONAL SERVICE, LLC,     ARAMARK     SPORTS     AND ENTERTAINMENT GROUP, LLC, AND ARAMARK SERVICES, INC.** |

Plaintiff NATALIE RUISI, by and through her undersigned counsel of record, hereby moves this Honorable Court for Leave To Add As Defendants Aramark Campus, LLC, Aramark Educational Group, LLC, Aramark Educational Services, LLC, Aramark Sport and Entertainment Group, LLC and Aramark Services. This Motion is made pursuant to Fed. R. Civ. P. 15(a) and supported by the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument at the time of hearing on this matter, if any.

…

1

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.

On May 6, 2020, Plaintiff filed suit in Clark County District Court, Case No. A-20-814688-C.  **ECF No. 1, Ex. 1 - Petition for Removal.** On July 21, 2020, Defendant was served with process. On August 18, 2020, Defendant answered.  Plaintiff was not served with Defendant's Answer.[1] On August 20, 2020, Defendant removed to Federal court. **Id**. Defendant's Answer was not included in the removal documents. **Id**. In a phone call on September 10, 2020, discussing other issues, Plaintiff's counsel informed Defense counsel that she had not been served with Defendant's Answer and that it was not included in the removal documents.  Defense counsel provided a copy of the Answer. [2] **Exhibit 1 - Answer; Exhibit 2 – Emails between Counsel**. Defendant states in its Answer that Aramark Sports and Entertainment, LLC **is not** the correct Defendant, but rather Aramark Campus, LLC is the correct Defendant. **Ex. 1, p 1**. The Answer was signed by Defense counsel as "Attorneys for Defendant, ARAMARK CAMPUS, LLC (i/s/h/a "Aramark Sports and Entertainment Services, LLC")" **Id. at p 16**.

Defendant's Certificate of Interested Parties states:

> Pursuant to Federal Rule of Civil Procedure 7.1 and LR 7.1-1, Defendant, ARAMARK CAMPUS, LLC (incorrectly sued herein as "Aramark Sports and Entertainment Services, LLC") makes the following disclosure:
>
> The undersigned counsel of record for Defendant, certifies that the following have an interest in the outcome of this case:
>
> There are no known interested parties other than those participating in the case.

**ECF No. 2**. Defense counsel again signed the document indicating she was the Attorney for Defendant, Aramark Campus, LLC. **Id**.

---

1 It is possible when filing the Answer in State court, Defendant only selected "file" and not "file and serve."
2 To date, Defendant has not filed its Answer with this Court.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

Although ordered by Judge Mahan to file a Statement Regarding Removal no later than 15 days from the date of his order, Defendant failed to do so. **ECF No. 4.** The date of the order was August 21, 2020. Defendant still has not filed its Statement Regarding Removal.

On Friday, September 11, 2020, the parties held a Rule 26(f) conference and, thereafter, submitted a Stipulated Discovery Plan and Scheduling Order which was approved by the Court on September 15, 2020. **ECF No. 9**. Defense counsel signed as representing Aramark Campus, LLC. **Id**.

On September 16, 2020, Plaintiff served her first sets of Interrogatories on Defendant Aramark Sport and Entertainment, LLC. **Exhibit 3**. Interrogatory number 2 queried:

> If Defendant contends that the wrong entity is named as the defendant in this matter, state all facts supporting that contention.

**Id. at p 5.**

Defendant requested and was granted an extension of time of one week, until October 26, 2020, to respond. **Exhibit 4, p 3**. Plaintiff made Defendant aware that there was a need for the responses as soon as possible in the event the complaint needed to be amended. **Id**. On October 19, 2020, Defendant requested another extension of time until November 6, 2020. **Id. at p 2**. Plaintiff granted the request. **Id. at p 1**.

On November 6, 2020, Defendant provided its response to Interrogatory number 2, stating:

> **RESPONSE TO INTERROGATORY NO. 2:** OBJECTION. This Interrogatory is overbroad and unduly burdensome as it requests "all facts" in support of the contention that "the wrong entity is named as the defendant in this matter." Subject to and without waiving the foregoing objection, Defendant responds as follows: Defendant has filed an appearance in this matter as Aramark Campus, LLC i/s/h/a "Aramark Sports and Entertainment Services, LLC." [3]

---

[3] The response will be the subject of a motion to compel. Given Defendant's evasive and non-responsive answer it may be necessary for Plaintiff to seek to amend again once the true identities are known.

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

1  **Exhibit 5, p 3.** Stacy Detry signed the interrogatories listing Aramark as the Company. **Id. at p 7.**

2  On November 15, 2020, Plaintiff's counsel drafted a Stipulation to Amend the Complaint to

3  add Aramark Campus, LLC, based on Defendant's repeated representations regarding Aramark

4  Campus, LLC and its answer to interrogatory number 2. **Exhibit 6.** The Stipulation was circulated

5  to Defense counsel to discuss the following day during a meet and confer on Defendant's insufficient

6

7  responses to Plaintiff's requests for production of documents. **Id**.

8  Shockingly, during the meet and confer, Defense counsel remarked that she would have to

9  contact Defendant to determine if the correct party is Aramark Campus, LLC, and then discuss with

10  her client the Stipulation. Plaintiff memorialized these events in an email. **Exhibit 7**.

11  Defense counsel assured Plaintiff she would be in touch no later than 12:00 p.m. on

12  November 17, 2020. At 12:15 p.m., Plaintiff's counsel reached out to Defense counsel to ascertain if

13

14  a decision had been made by the Defendant as to the Stipulation. Defense counsel represented she

15  would call back within an hour with a decision. At 2:51 p.m., Plaintiff's counsel reached out again.

16  Defense counsel represented she had not contacted Defendant, was about to have a court call, and

17  would call back after. **Defense counsel represented she would not oppose any motion for leave**

18  **to amend the complaint.**

19  At 4:45 p.m., Defense counsel called and informed Plaintiff's counsel that she represents

20  Aramark Sports and Entertainment Services, LLC, but was answering on behalf of Aramark

21

22  Campus, LLC, but that she **does not** represent Aramark Campus, LLC. Furthermore, Defense

23  counsel has no idea how Aramark Campus, LLC is connected to Aramark Sports and Entertainment

24  Services, LLC. Allegedly now, **maybe**, Aramark Sports and Entertainment Services, LLC is the

25  correct defendant. Plaintiff's counsel informed Defense counsel that she would have to name

26  additional entities given what was not be represented.

27

28  4

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

1    According to a Clark County Business Record search, Aramark Sports and Entertainment

2  Services, LLC holds the business and liquor licenses for Monte Carlo R&C Park Theater. **Exhibit 8**.

3  Plaintiff asks that the Court take judicial notice of these records. [4]  The events described in the

4  Complaint took place at the Park Theater where Plaintiff was a bartender.  **ECF No. 1, Exhibit 1 -**

5  **Complaint.** Plaintiff's W2's indicate that Aramark Food and Supply Services is an agent for

6  Aramark Campus, LLC. **Exhibit 11**. Aramark Food and Supply Services is not registered with the

7  Nevada Secretary of State.  **Exhibit 9**. Aramark Campus, LLC's managing member is Aramark

8  Educational Services. Aramark Services, Inc. is the parent company of all the subsidiary Defendants.

9    Accordingly, Plaintiff now respectfully requests leave to amend the Complaint to add the

10  following parties as Defendants: ARAMARK CAMPUS, LLC, ARAMARK EDUCATIONAL

11  GROUP, LLC, ARAMARK SPORTS AND ENTERTAINMENT GROUP, LLC, AND ARAMARK

12  SERVICES, INC. Plaintiff's [proposed] Amended Complaint is attached hereto as **Exhibit 10**.

13    The time to Amend the Pleadings and Add Parties has not passed as November 17, 2020 is

14  the deadline. **ECF No. 9**.

### II.  LEGAL ARGUMENT.

#### A.    Leave To Amend Should Be Freely Granted.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given

when justice so requires." The Supreme Court and the Court of Appeals for the Ninth Circuit

interpret this command of Rule 15(a) very liberally, in order to permit meritorious actions to go

forward, despite inadequacies in the pleadings. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227,

---

4 A court may take judicial notice of a fact "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," such as information on government websites. Fed.R.Evid. 201; see, e.g., *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir.2010) (taking judicial notice of official information posted on a governmental website, the accuracy of which was undisputed).

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ◆ Fax (702) 258-6983

230, 9 L.Ed.2d 222 (1962); *Schlacter-Jones v. General Telephone of California,* 936 F.2d 435, 443 (9th Cir.1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981). A significant body of jurisprudence has developed in an attempt to define exactly when justice requires a court to grant leave to amend. *See Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 538 (9th Cir.1989); *Howey v. U.S.,* 481 F.2d 1187, 1190 (9th Cir.1973); *Komie v. Buehler Corp.,* 449 F.2d 644, 647-48 (9th Cir.1971).

Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint: (1) bad faith or dilatory motive on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment. *Roth v. Marquez,* 942 F.2d 617, 628 (9th Cir.1991) (citing *DCD Programs v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987)).

The party opposing the motion for leave to amend a complaint bears the burden of showing prejudice. *DCD Programs,* 833 F.2d at 187 (citing *Beeck v. Aquaslide `N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir.1977)).

Furthermore, leave to amend need not be granted if the proposed amended complaint would be subject to dismissal. *Moore v. Kayport Package Exp., Inc.,* 885 F.2d at 538 (citing *Pan-Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 546 (5th Cir. 1980), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981)); *see also Johnson v. American Airlines,* 834 F.2d 721 (9th Cir.1987) ("courts have discretion to deny leave to amend a complaint for `futility', and futility includes the inevitability of a claim's defeat on summary judgment"). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

**B.     There Are No Factors Present That Weigh Against Plaintiff In Determining If Leave to Amend Should Be Granted.**

In the instant case, Plaintiff has been diligent in attempting to determine the name of the correct defendant(s) including propounding an interrogatory as described above.  Further, there has been no undue delay in filing the Motion as Plaintiff was awaiting a decision from Defendant on the proposed Stipulation. There is no prejudice to Aramark Campus, LLC as it has been answering as the Defendant since its first appearance.  Finally, Defense counsel represented Defendant would not oppose the Motion.

**C.     Doe and Roe Defendants**

The Complaint filed in State court includes pleading Doe and Roe defendants so that when the true identities of the defendant(s) was known, Plaintiff could move to amend to allege the same. Doe" pleading is allowed in limited circumstances in federal court. *Best Hires LLc v. GoDaddy Inc.,* Case No. 2:18-cv-00148-JAD-CWH (D. Nev. Jan. 29, 2018)(citing *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) (allowing a plaintiff the "opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities" in situations where the "identity of the alleged defendants will not be known prior to the filing of a complaint"); *see also Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities"). The circumstances describe herein should be sufficient to allow Plaintiff to conduct discovery if necessary, to determine the identity of the correct defendant(s).

…

…

…

7

**D.      Request To Extend Time In Which To Amend The Complaint**

Given that the correct Defendant is unknown even to Defense counsel, and certain misrepresentation have been made as to the true identity of the Defendant(s),  Plaintiff respectfully asks the Court grant her request to extend the time in which to amend the complaint once the true identities of the Defendant(s) is known.

**III. CONCLUSION.**

In light of the foregoing facts and legal authority, Plaintiff respectfully requests that the foregoing Motion for Leave to Amend be granted, and that Plaintiff be permitted to file her [proposed] Amended Complaint, attached hereto as Exhibit 10. Plaintiff additionally request the Court extend the time in which Plaintiff can amend if further amendment is necessary.

Dated this 17th day of November 2020.

/s/ Victoria L. Neal
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130

Attorneys for Plaintiff
*Natalia Ruisi*

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a copy of the **MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD AS DEFENDANTS ARAMARK CAMPUS, LLC, ARAMARK EDUCATIONAL GROUP, LLC, ARAMARK EDUCATIONAL SERVICE, LLC, ARAMARK SPORTS AND ENTERTAINMENT GROUP, LLC, AND ARAMARK SERVICES, INC.**, was served on the following as indicated:

All Parties Registered
Through the CM/ECF system.

Dated this 17th day of November 2020.

/s/ Victoria L. Neal
Victoria L. Neal, Esq.
An employee of KEMP & KEMP, Attorneys
at Law

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

9